**Carolyn L. NIMICK, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 89–1504.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1989.

Decided Oct. 12, 1989.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Darlynda K. Bogle, Woodlawn, Md., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Carolyn L. Nimick appeals from an order of the district court[1] affirming the Secretary of Health and Human Services' (the Secretary) denial of Ms. Nimick's application for social security benefits. The district court found that there was substantial evidence on the record as a whole to support the ALJ's finding that Ms. Nimick was not disabled and was, therefore, not entitled to benefits. On appeal, Ms. Nimick argues that the district court erred in affirming the Secretary's denial of benefits. For the reasons set forth below, we reverse and remand to the Secretary for further proceedings consistent with this opinion.

**Background**

Carolyn Nimick is a 49 year old woman, 5'8" and 243 lbs, with a ninth grade education. She filed this application for benefits on July 9, 1986, alleging that she had become disabled in 1979. Her application was administratively denied. She thereafter requested a hearing. In a decision issued September 16, 1987, the ALJ found that Ms. Nimick was capable of performing her past relevant work as a "machine operator" and was not disabled within the meaning of the Social Security Act. The Appeals Council denied her request for review and the district court affirmed the denial of benefits.

**Discussion**

The Social Security Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to * * * last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1982); *see also* 42 U.S.C. § 1382c(a)(3)(A) (1982). In determining whether an individual is disabled within the meaning of the Act, the Secretary has established a five step sequential evaluation process, *Bowen v. City of New York*, 476 U.S. 467, 470–71, 106 S.Ct. 2022, 2024–25, 90 L.Ed.2d 462 (1986), under which the ALJ must make specific findings. If a claimant is found to be disabled or not disabled at any step in the sequential process, the ALJ need not proceed further. 20 C.F.R. §§ 404.1520(a), 404.920(a) (1988).

The ALJ found that Ms. Nimick was capable of performing her past relevant work of a machine operator and denied her benefits. On appeal, the claimant asserts: (1) that the record does not support a finding that Ms. Nimick could perform her past relevant work; (2) the ALJ erred by failing to call a vocational expert; (3) the ALJ's consideration of Ms. Nimick's subjective complaints of pain was inadequate; and (4) the ALJ failed to consider the combined impact of all of Ms. Nimick's impairment. We address only the first issue.

In concluding that Ms. Nimick could perform her past relevant work, the ALJ found:

> Thus, while the evidence of record reveals that the claimant may not be able to perform jobs requiring extensive variety of technical complex job instructions due to her borderline intellectual functioning, there is no showing that the claimant could not perform light work that is less demanding or stressful. Testimony at the hearing as well as the evidence of record reveals that the claim-

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-

sas.

ant last worked as a machine operator which was sedentary in nature and did not require lifting more than 20 pounds. Clearly, the evidence of record establishes that the claimant has the residual functional capacity to perform such activities.

Record at 18.

Step four of the sequential evaluation process requires the ALJ to determine whether the claimant is capable of performing her past relevant work. If step four is reached, as it was in this case, the ALJ is required to evaluate the claimant's ability to perform her past relevant work under the following guidelines:

(e) Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), *we then review your residual functional capacity and the physical and mental demands of the work you have done in the past.* If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. §§ 404.1520(e) and 416.920(e) (1988) (emphasis added). This regulation anticipates that the ALJ will consider the claimant's residual functional capacity (RFC) and the physical and mental demands of the work the claimant has done in the past. The Social Security Administration (SSA) has issued rulings which interpret the federal regulations and under these rulings and the above cited regulation, the ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work.[2] Although Ms. Nimick's past work record is at best inconsistent, she has had a number of jobs over the past twenty years. These include: (1) a machine operator at Timex during 1969–70 for seven months; (2) an employee at a bag company during 1970 for seven months; (3) a waitress during 1970–71 for twelve to eighteen months; (4) a nurse's aid at a nursing home during 1972–73 for eleven months; (5) a housekeeper at a private residence during 1978–79 for four months; (6) an employee at a bakery outlet store during 1982 for four months.

We must analyze the record in light of the ALJ's finding that Ms. Nimick is able to perform work as a machine operator.[3] The record fails to support this finding. The evidence contained in the record regarding the physical and mental demands required of a "machine operator" as per-

---

**2.** In one such ruling the SSA explains that:

Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform:

1. The actual functional demands and job duties of a particular past relevant job; or

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

S.S.R. No. 82–61, Soc.Sec.Rep. 836, 838 (West 1983). The SSA further explains an ALJ's responsibilities in determining a claimant's ability to perform her past relevant work:

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

S.S.R. No. 82–62, Soc.Sec.Rep. 809, 812 (West 1983).

**3.** 20 C.F.R. § 404.1565(a) considers work experience relevant to this determination where it is "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." That regulation further provides: "If you have no work experience or worked only 'off-and-on' or for brief periods of time during the 15 year period, we generally consider that these [jobs] do not apply." Ms. Nimick was employed as a machine operator from August, 1969, to February, 1970. That is more than 15 years prior to the July 9, 1986, date on which she filed for benefits. Further, she was only employed there for seven months. We have serious doubts as to whether this was long enough to "learn to do it" or "was substantial gainful activity." This employment, as well as the rest of Ms. Nimick's past employment, would seem to place her into that "off-and-on" category of employee so that she should be considered to have no relevant past work experience.

formed by Ms. Nimick, is totally deficient. Further, there is no evidence that the ALJ solicited any evidence as to the functional demands and job duties of the occupation as generally required by employers throughout the national economy.[4]

The record provides only a fleeting insight as to what demands are placed on a machine operator as performed by Ms. Nimick. The first is found in her testimony at the hearing:

Q. I neglected to ask you about your work at Timex. You made mention that that was in '69 and '70 on the note. What did you do at Timex?

A. I run [sic] 7 different types of machinery in (inaudible).

Q. Not all at the same time? One at a time?

A. I worked 4 at one time, Your Honor. One right after the other.

Q. And, was this a stand up or a sit down job?

A. It was a sit down job. I have to get up.

Q. I understand you had to move from chair to chair.

A. Yes sir.

Q. But, while you were operating the machinery you were sitting down.

A. Yes sir.

Q. Any heavy lifting involved?

A. No sir, none there.

Record at 63.

The second record regarding the demands of Ms. Nimick's former work as a machine operator is found in the SSA–3369–F6 forms she filled out in making her application for benefits. *See* Record at 106–09. They provide that she was required to walk up to 6–8 hours a day, stand 8 hours a day, and sit 7 hours a day.

Clearly these are inconsistent with each other and it was appropriate for the ALJ to rely on Ms. Nimick's testimony and conclude that her job at Timex was mainly a sitting job, but that it required her to move from machine to machine in order to operate them. The forms further provided, however, that she was required to bend "occasionally" to "frequently" and that she would at times be required to lift up to 20 lbs on a frequent basis. No evidence in the record contradicted these physical requirements.

This evidence was not sufficient to allow the ALJ to make a proper determination as to the physical and mental demands placed on a machine operator and whether Ms. Nimick was capable of performing this work. The ALJ's discussion of the demands made of a machine operator lacks the specificity and full development and explanation the Social Security regulations and rulings discussed above require.

Second, the evidence contained in the record regarding Ms. Nimick's capabilities is inconsistent with a finding that she is capable of performing her past work as a machine operator. Ms. Nimick testified that no "heavy lifting" was required at her prior work. The record, however, reveals that her past work as a machine operator required her to lift frequently up to 20 pounds. While Ms. Nimick may not define lifting 20 pounds as heavy, it still may be beyond what she can handle frequently and clearly exceeds the five to ten pounds Dr. Shotts found she was capable of lifting.[5] We suggest that if the evidence on the record was inadequate to make a proper determination, the ALJ should have referred to the DOT, requested information from Ms. Nimick's former employer, or

---

4. The Social Security Rulings provide that where the evidence of record is insufficient to determine if a claimant is capable of performing her past work, the ALJ is permitted to refer to the Dictionary of Occupational Titles (DOT) job descriptions in order to define the job as it usually is performed in the national economy. If the ALJ then determines that the claimant is able to perform the work as defined in the DOT, the claimant will be found to not be disabled. S.S.R. No. 82–61 at 837–38.

5. A medical assessment performed by a Dr. Shotts specifically to determine Ms. Nimick's ability to perform work related activities revealed that Ms. Nimick could: (1) sit up to eight hours a day; (2) stand or walk a total of three hours each in an eight-hour day; (3) lift up to five to ten pounds a total of two hours in an eight-hour day; and (4) occasionally bend, stoop, or kneel; but (5) could not climb, crouch, or crawl. Record at 146.

conducted more extensive questioning of Ms. Nimick herself.

Third, the ALJ made no findings as to either the amount of stress involved in working as a machine operator or the amount of dust, pollution, or fumes a machine operator would have to endure. The ALJ's conclusion that Ms. Nimick could perform this type of work must be evaluated in light of the evidence of her mental conditions that affect her work, and her suffering from allergies which may be aggravated by this type of work. Even if we agree with the ALJ that Ms. Nimick's daily activities suggest she can do "light work," that does not assist us in determining if she can perform as a machine operator if we do not know what the demands of that job are. Without a more detailed factual finding as to what Ms. Nimick will be exposed to, the ALJ's conclusion is not supported by substantial evidence on the record as a whole.

**Conclusion**

For the reasons set forth above we reverse the district court's order granting summary judgment to the defendant and remand this case back to the ALJ for further proceedings consistent with this opinion. On remand we direct the ALJ to make specific factual findings as to the physical and mental demands of whatever job Ms. Nimick is considered to be able to perform.[6] We also recommend that the ALJ clearly consider all of Ms. Nimick's impairments, exertional as well as nonexertional, individually and in combination,[7] before a determination is made that she is able to perform her past work. If it is found that she has no past work experience, as suggested above, or that she is not capable of performing her past relevant work but is able to perform "light work", then the burden shifts to the Secretary to show that Ms. Nimick is capable of performing work that exists in the national economy. *Jelinek v. Heckler*, 764 F.2d 507, 511 (8th Cir.1985).[8] If that is the case, a vocational expert will be required under the guidelines set forth by the SSA regulations and this circuit's case law. *Id.*

---

**6.** This means specifically the mental stress that may be involved, the technical or complex nature of the job, the type of dust and fumes she would be confronted with, and the physical demands that will be placed on her.

**7.** While we have not addressed Ms. Nimick's arguments that the ALJ's consideration of her complaints of pain and the combined impact of all her impairments was inadequate, we strongly recommend the ALJ to clearly and explicitly consider what affect all of these impairments have on her ability to perform her past work. This means considering not only her physical limitations (including whatever subjective complaints of pain are credible) but also her mental limitations and all nonexertional impairments, especially her allergies to the degree they cannot be relieved by medication.

**8.** Even if the Secretary concludes Ms. Nimick is able to perform light work, it is not certain that she will not still be found to be disabled. A determination "that [a] claimant may do light work does not rule out a finding that [the] claimant is disabled to the extent that [s]he cannot undertake substantial gainful activity." *Jelinek v. Bowen*, 870 F.2d 457, 459 (8th Cir. 1989).