Wilma J. BATTLES, Appellant,

v.

Louis SULLIVAN, Secretary, Department of Health and Human Services, Appellee.

No. 89–1875.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1990.

Decided April 25, 1990.

James Marshall Smith, Kansas City, Mo., for appellant.

Edward H. Funston, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Wilma J. Battles appeals from the district court's [1] order affirming the denial of benefits by the Secretary of Human Services (Secretary). We affirm.

In May 1986, Battles applied for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. § 401–433, and supplemental security income benefits based on disability under Title XVI, 42 U.S.C. § 1381–1383. Battles claimed she was disabled from numbness and pain in her right side, pain in her legs and stiffness in her neck, and alleged disabilities since June 1983. One month after filing her claim, she amended her alleged onset date to March 1981.

Her applications were denied initially, on reconsideration, and after a hearing before an Administrative Law Judge (ALJ). The district court affirmed the Secretary's decision. Appeal to this court followed.

Battles, who was fifty years old at the time of the administrative hearing, has a tenth grade education and one year of vocational training in clerical work. She has worked as a kitchen assistant, skill saw operator, maid, and assistant for the elderly.

In his decision, the ALJ stated that Battles' impairments included a "hiatal hernia, mild degenerative changes for her cervical spine, status post hysterectomy, urinary tract infection and vaginal infection, and low back and lower extremity pain, etiology not established." The ALJ found that Battles' testimony was not credible and was not supported by the totality of the record. He determined that she had the residual functional capacity to perform work-related activities, except for work involving greater than medium exertional activity. The ALJ further found that Battles' past relevant work as a domestic, skill saw operator, Watkins' salesman, and assistant to the elderly did not require the performance of work-related activities precluded by her limitations. The ALJ concluded, therefore, that Battles was not under a "disability" at any time through the date of the decision as defined in the Act.

Battles asserts that the Secretary erred in denying her claim for benefits. Battles maintains that the ALJ failed to make adequate findings and to develop the record with regard to her ability to perform her past relevant work, as required by Social Security Ruling (S.S.R.) No. 82–62:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance * * * must be developed and explained fully in the disability decision. * * *
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of [past relevant work] will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).

S.S.R. No. 82–62, Soc.Sec.Rep. 809, 812.

Battles maintains that the ALJ failed to obtain "[d]etailed information about strength, endurance, manipulative ability, mental demands, and other job requirements * * * as appropriate" as required by

---

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

S.S.R. No. 82–62. The ruling also requires that the information be

> derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and current relevance of the individual's work experience.

*Id.* This court has recently held that "the ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work." *Nimick v. Secretary of Health & Human Servs.,* 887 F.2d 864, 866 (8th Cir.1989) (emphasis in original). *See also Gunnels v. Bowen,* 867 F.2d 1121, 1124 (8th Cir.1989) (ALJ failed to address stress required in prior employment). Battles contends that the ALJ's questioning failed to satisfy the thorough approach contemplated by the ruling.

We review the Secretary's decision to determine whether the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *see also Williams v. Bowen,* 790 F.2d 713, 715 (8th Cir.1986). We take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987).

To establish entitlement to benefits, Battles must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). To be eligible under Title II, Battles must establish that she had been disabled prior to the expiration of her insured status on December 31, 1981.[2] *See* 42 U.S.C. §§ 416(i) and 423(c). To be eligible for Title XVI benefits, Battles must have been disabled while her application was pending. 42 U.S.C. § 1382(c); 20 C.F.R. §§ 416.330 and 416.335.

■ We conclude that the ALJ's determination that Battles was not disabled prior to the expiration of her Title II insured status is supported by substantial evidence. Battles did not submit medical evidence regarding her condition before April 29, 1984, when she received treatment for abdominal pain but not for the impairments she claimed were disabling. Although Battles contends that the medical evidence subsequent to April 1984 established her disability more than two years earlier, the evidence did not indicate serious impairment during the relevant time.

■ With regard to Battles' Title XVI claim, we find substantial evidence to support the ALJ's conclusion that Battles was not disabled while her application was pending. Despite her allegations of disability, she was able to do laundry, wash dishes, cook, and shop for groceries. She also operated her car two or three times a day, was able to go out two to three times a week to witness for her church, and was able to attend five church meetings weekly. The medical evidence indicates that although Battles was suffering from various ailments, she did not have an impairment or combination of impairments which would qualify her as disabled. *See* 20 C.F.R. §§ 404.1520(e) and 416.920(e).

■ The medical evidence and Battles' testimony regarding her daily activities support the ALJ's finding that she was not disabled and that she can perform work not involving greater than medium exertional activity. Although her past relevant work record was not developed in full detail, it did "contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work)." S.S.R. No. 82–62. We therefore find that the ALJ made adequate findings with regard to Battles' ability to perform her past relevant work and that

---

**2.** The ALJ found that Battles' insured status expired on June 30, 1981. The Appeals Council, however, found the insured status expired on December 31, 1981.

the ALJ's decision is supported by substantial evidence on the record as a whole.

■ Battles next contends that the Secretary improperly disregarded her testimony with regard to pain. The ALJ concluded that Battles' testimony was "not credible" due to "vagueness" and the fact that it was "contradicted by medical evidence." The ALJ may reject Battles' testimony on the basis of credibility, *see Nunn v. Heckler*, 732 F.2d 645, 648 (8th Cir.1984), but must give serious attention to her subjective complaints of pain. *See Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984) (subsequent history omitted). If there is inconsistency in the record as a whole, the ALJ may disbelieve subjective testimony of pain. *Conley v. Bowen*, 781 F.2d 143, 147 (8th Cir.1986).

■ The ALJ reviewed the evidence and determined that it was inconsistent with Battles' testimony of longstanding severe pain. Battles changed her alleged onset date from June 1983 to March 1981. Under the March 1981 alleged onset date she would be qualified for benefits under Title II, but she would not be qualified under the onset date she originally put on her application. In addition, the ALJ observed Battles at the hearing and stated that she did not appear to be in significant pain. The medical evidence, coupled with the ALJ's evaluation of Battles' credibility, justified the ALJ's denial of benefits, and we find that the ALJ did not improperly disregard her complaints of pain.

The district court's order is affirmed.