994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles MARTZ, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Appellee.
 No. 92-3203.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: May 25, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Martz appeals the judgment of the district court upholding the Secretary's decision to deny him disability insurance benefits and supplemental security income (SSI). We reverse and remand for further development of the record as to Martz' past relevant work as a truckdriver.
 
 
 2
 Martz alleged disability as of October 1, 1987, due to blood clots in his left leg, problems with his left lung, hypertension, and depression. His disability insured status expired on December 31, 1989. At the hearing before the administrative law judge (ALJ), Martz testified that prior to the onset of his health problems, he drove a "hot shot" truck for Pulaski Construction, a company which had previously employed him as a steel worker. A "hot shot" is a three-quarter ton truck with a forty-foot trailer behind it. Martz testified he usually did not lift loads manually, but he was required to load with a forklift and tighten or adjust the load. Most of this work involved sitting in the cab of the truck and driving. Martz did not clearly state how long he drove the truck for Pulaski, but it appears to have been only a short time.
 
 
 3
 Martz testified that toward the end of his employment with Pulaski, he experienced shortness of breath, inability to use his left leg because of blood clots, and difficulty in getting up and down. He quit this job when he could not return to work following hospitalization for his medical problems. Martz testified he has constant pain in his leg, it turns blue when he stands on it for periods over thirty minutes, and sometimes the leg gives out altogether, causing him to fall. He stated that operating a motor vehicle causes leg cramps, and he keeps his leg elevated twenty-four hours per day.
 
 
 4
 The ALJ held that Martz suffers from cardiomyopathy, residuals of deep vein thrombosis of the left leg, a history of alcoholism, and personality disorder, but that he retained the residual functional capacity (RFC) to engage in his past work as a light truckdriver for a construction company. Based only on Martz' testimony, the ALJ determined the job did not involve substantial exertion or sitting for more than one hour, and it did not involve a great deal of stress or judgment. The ALJ found that while Martz could not engage in very strenuous activity, the record did not support restricting him from light or sedentary work. The Appeals Council denied Martz' request for review, and the district court granted summary judgment for the Secretary.
 
 
 5
 The Secretary's decision is not supported by substantial evidence on the record as a whole. See Reed v. Sullivan, 988 F.2d 812, 814 (8th Cir. 1993). Although an ALJ may rely on a claimant's testimony regarding the demands of his past relevant work, see Martin v. Sullivan, 901 F.2d 650, 652 (8th Cir. 1990), we conclude that further development of the record as to the nature of Martz' prior truckdriving duties is necessary. See Jackson v. Sullivan, 984 F.2d 967, 969 (8th Cir. 1993). The job of light truckdriver entails driving a truck with a capacity under three tons to transport materials in liquid or packaged form and personnel to and from specified locations and may include a variety of tasks. The Dictionary of Occupational Titles 878 (1977). The job is characterized as medium work, i.e., lifting fifty pounds maximum, with frequent lifting and/or carrying of objects weighing up to twenty-five pounds, and requiring stooping, kneeling, crouching and/or crawling, reaching, handling, fingering, and/or feeling. Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles 71, 465-466 (1981).
 
 
 6
 "[T]he ALJ has a duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before he determines that [he] is able to perform [his] past relevant work." Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir. 1989). " 'The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.' " Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991) (quoting S.S.R. No. 82-62, Soc. Sec. Rep. 809, 812 (West 1983)). Because this is an important and, here, a controlling issue, " 'every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.' " Id. On remand, we instruct the Secretary to take further evidence regarding Martz' past truckdriving duties; if the ALJ then determines Martz could not perform these duties prior to December 31, 1989, the burden shifts to the Secretary to prove that Martz could perform other jobs in the national economy. See id. at 1327.
 
 
 7
 Accordingly, we reverse the judgment and remand this case for further proceedings consistent with this opinion.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed. R. App. P. 43(c)