Marcia WELCH, Plaintiff,

v.

Shirley S. CHATER, Commission of Social Security,[1] Defendant.

No. 94–CV–6595L.

United States District Court,
W.D. New York.

April 22, 1996.

---

1. By Public Law No. 103–296, 108 Stat. 1472 (codified at 42 U.S.C. § 901, note) the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. Accordingly, the "Commissioner" has been substituted for the "Secretary" throughout this Decision and Order. See Transition Rules at 42 U.S.C. § 901, note.

Kenneth R. Hiller, Buffalo, NY, for plaintiff.

Marcia Welch, Webster, NY, Pro Se.

Brian M. McCarthy, Asst. U.S. Atty., Rochester, NY, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and Supplemental Security Income benefits.

This Court finds that the Commissioner's decision is not supported by substantial evidence and accordingly reverses and remands for further evidentiary proceedings.

### PROCEDURAL BACKGROUND

Plaintiff filed an application for Supplemental Security Income benefits on December 24, 1992 and for disability insurance benefits on January 8, 1993. (R. 83–86, 54–57.) Plaintiff's applications were denied initially and on reconsideration. (R. 58–61, 79–82, 87–91.) Plaintiff then requested a hearing. (R. 29.)

On May 25, 1994, plaintiff appeared *pro se* before an Administrative Law Judge ("ALJ"), who considered the case *de novo* and concluded, in a written decision dated July 7, 1994, that although plaintiff had severe impairments, she retained the ability to perform her past relevant work and, therefore, was not disabled within the meaning of the Social Security Act. (R. 12–18.)

The ALJ's decision became the final decision of the Commissioner on November 2, 1994, when the Appeals Council denied plaintiff's request for review. (R. 5–6.) Plaintiff commenced the instant action on December 9, 1994.

The Commissioner now moves, and plaintiff cross-moves, for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(f).

## FACTUAL BACKGROUND

Plaintiff, Marcia Welch, is a forty-three year old female, with a long history of alcohol abuse and depression. (R. 54, 116.) She attended high school through the twelfth grade, but did not graduate; she later received her G.E.D. (R. 41–42.)

Plaintiff has worked at various jobs throughout her adult life. (R. 101.) Most recently, she was employed as a cleaner for the Webster School District for a period of two years. (R. 40.) Plaintiff alleges, however, that in February 1992, she became very fatigued, "collapsed," and could not continue to work. (R. 41.) In February 1993, plaintiff returned to work. (R. 41.) However, after working for approximately five or six months, she again "collapsed" from mental exhaustion. (R. 41, 115.) Plaintiff alleges that she has been disabled since February 7, 1992, as a result of depression, fatigue, and alcohol dependency. (R. 44.) Plaintiff also maintains that irrational behaviors, such as loss of temper and excessive crying, prevent her from returning to work. (R. 46.)

Plaintiff has had a chronic alcohol problem since age twelve or thirteen. (R. 39, 114.) She describes herself as a "binge drinker." (R. 39.) Consequently, her life is plagued with episodes of heavy drinking followed by periods of abstinence. Generally, plaintiff is able to abstain from alcohol for periods of six months, and sometimes, for as long as a year. (R. 39.) Plaintiff then will go on a binge which can last anywhere from three weeks to three months. (R. 39.)

Plaintiff became sober in 1989 and maintained sobriety for three and one-half years. (R. 172.) Shortly after her claimed onset date of disability, she began to drink again and continued to drink for several months. (R. 187.) Plaintiff was sober again from May of 1992 until May of 1994. (R. 285.)

Plaintiff also has a rather lengthy history of mental-health problems. (R. 114.) Plaintiff's treatment history with the Rochester Mental Health Center dates back to 1973. (R. 187, 219.) Since August 1987, she has attended counseling there once a week and has seen a doctor there once every three months for medications to control her panic disorders. (R. 37–38.)

In the instant case, the ALJ found that the medical evidence established that plaintiff had severe mental impairments resulting from depression, anxiety, a personality disorder, and a history of alcoholism. (R. 17.) Notwithstanding these severe mental impairments, the ALJ found that plaintiff has the residual functional capacity to perform "simple, low-stress" work, such as her past relevant work as a cleaner. (R. 17–18.)

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that plaintiff was not under a disability is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. National Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)).

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.…" 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairment prevents her from returning to her previous type of em-

ployment. *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the [plaintiff] could perform." *Id.; see also Dumas v. Schweiker,* 712 F.2d 1545, 1551 (2d Cir.1983); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

■ In order to determine whether plaintiff is suffering from a disability, the ALJ employs a five-step inquiry: (1) whether the plaintiff is currently working; (2) whether the plaintiff suffers from a severe impairment; (3) whether the impairment is listed in Appendix 1 of the relevant regulations; (4) whether the impairment prevents the plaintiff from continuing her past relevant work; and (5) whether the impairment prevents the plaintiff from doing any kind of work. 20 C.F.R. §§ 404.1520 & 416.920; *Berry,* 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir.1992).

In this case, the ALJ terminated his review at step four of the inquiry, concluding that despite her severe mental impairments, plaintiff was able to return to "simple, low-stress" work, such as her past relevant work as a cleaner. This Court finds that the record in this case is not sufficiently developed to reach such a conclusion. Therefore, the case must be remanded for further evidentiary proceedings.

■ In every social security case, the ALJ has an affirmative duty to fully develop the record. *Gold v. Secretary,* 463 F.2d 38, 43 (2d Cir.1972). This duty is heightened when the plaintiff is unrepresented by counsel at the hearing. *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980).

■ In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, *e.g.* speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." *See* Social Security Ruling 82–62 (1982); *Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington,* 37 F.3d at 1442.

In the instant case, the ALJ found that plaintiff suffered from severe impairments including a personality disorder, depression, anxiety, and alcoholism. (R. 17.) The ALJ, however, determined that the plaintiff had "the residual functional capacity to perform work-related activities except for work involving understanding, remembering and carrying out detailed or complex job instructions and dealing with stressful situations." (R. 17.) The ALJ concluded that plaintiff's past relevant work as a cleaner was a "simple, low-stress job," and, therefore, her limitations would not preclude her from performing this type of work. (R. 15.)

The ALJ improperly reached this conclusion. The transcript reveals that there was no inquiry regarding the nature of, and the mental demands associated with, plaintiff's employment as a cleaner. *See Henrie v. Department of Health & Human Servs.,* 13 F.3d 359, 360 (10th Cir.1993); *Nimick v. Secretary,* 887 F.2d 864, 868 (8th Cir.1989); *Donato v. Secretary,* 721 F.2d 414, 419 (2d Cir.1983). Even if this Court were to accept the ALJ's general conclusion that plaintiff has the residual functional capacity to perform simple, low-stress work, this Court is still unable to determine whether she can perform her past relevant job as a cleaner without any knowledge regarding the demands of that job. *Nimick,* 887 F.2d at 868. Here, the ALJ needed to probe into the stress level of plaintiff's past relevant work as a cleaner in order to determine if, in fact,

she currently is capable of performing that job. *Henrie,* 13 F.3d at 361. The record is simply devoid of any comparison between plaintiff's prior work as a cleaner and her present abilities.

On remand, the ALJ must develop the record concerning the demands of plaintiff's past relevant work and also make findings that compare the mental demands of that work with plaintiff's current capabilities. Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.

## CONCLUSION

For the foregoing reasons, the final decision of the ALJ, denying plaintiff disability insurance benefits and Supplemental Security Income benefits is reversed, and the matter is remanded for further evidentiary proceedings consistent with this opinion.

IT IS SO ORDERED.