_____

No. 95-3018
_____

Sybil T. Miller,                          *
                                          *
          Appellant,                      *
                                          *
     v.                                   *   Appeal from the United States
                                          *   District Court for the
Shirley S. Chater, Commissioner           *   District of Nebraska
of the Social Security                    *
Administration,                           *   [UNPUBLISHED]
                                          *
          Appellee.                       *

                          _____

          Submitted:  June 21, 1996

            Filed:  July 11, 1996
                          _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                          _____

PER CURIAM.


     Sybil T. Miller appeals from the final judgment of the District
Court[1] for the District of Nebraska affirming the decision of the
Commissioner of Social Security to deny Miller Social Security disability
insurance benefits.  For the reasons discussed below, we affirm.


     Miller filed the instant application on February 1, 1990, alleging
an onset date of March 4, 1960.  Miller's insured status expired on
December 31, 1961.  Her application was denied initially and on
reconsideration; a hearing was held in October 1992 before an
Administrative Law Judge (ALJ).

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska.

At the hearing, at which Miller was represented by counsel, Miller testified that she was born September 17, 1929, had a twelfth-grade education, and last worked as a typist and secretary in 1959. She did not return to work after her daughter's birth in March 1960, principally because of back problems resulting from spina bifida, which produced low-back and right-hip pain. Miller also testified to mental and emotional impairments.

The ALJ concluded that Miller's testimony relating to her disabling subjective complaints before December 1961 was not credible, noting contradictions in Miller's testimony, the lack of third party observations, Miller's failure to seek medical attention for back pain until December 1961, and medical records indicating Miller's complaints of back pain post-dated the expiration of her insured status. With respect to Miller's mental condition, the ALJ noted that the first mention of possible emotional difficulties was made in an October 1962 progress note from a treating physician, and that Miller's second husband testified at a hearing on a previous application for benefits that her emotional disorder did not exist before December 1961.

The ALJ concluded that Miller had a medically determinable impairment (myositis involving the lumbar musculature and/or congenital deformities of the lumbar spine) but that her impairment did not meet or equal the Listings set forth in 20 C.F.R. Part 404, Subpt. P, App. 1. The ALJ further concluded that Miller retained the residual functional capacity to perform past relevant work as a clerk, as she described the exertional limitations of that job. In addition, the ALJ concluded Miller did not suffer from an emotional or intellectual disorder which would have restricted her ability to perform basic work-related functions. The Appeals Council denied further review, and Miller sought judicial review.

The district court concluded that the decision was supported by substantial evidence. On appeal, Miller argues the ALJ erred in

-2-

not finding her disabled because of her mental condition; in not according substantial weight to several noncontemporaneous medical opinions which referred to her condition during the relevant period; and in determining she lacked credibility based on contradictory answers that were the result of her mental condition.

Our "task is limited to a determination of whether the [Commissioner's] decision is supported by substantial evidence in the record as a whole." McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993). To qualify for disability insurance benefits, Miller must establish that she was disabled before December 31, 1961, the date her insured status expired. See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990). "`[T]he relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status.'" Hinchey v. Shalala, 29 F.3d 428, 431 (8th Cir. 1994) (quoting Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir. 1990) (per curiam) (Potter)).

We disagree with Miller that there is record support that she met the requirements for several Listings involving a disabling mental condition. Most important, there was no medical evidence to support a disabling condition in 1960 and 1961. See Potter, 905 F.2d at 1348. "A retrospective diagnosis without evidence of actual disability is insufficient." Id. at 1349. Although there is some question about the loss of medical records from the 1950s and 1960s, the current record lacks any objective medical evidence between 1960 and 1963. Thus, the adequacy of the ALJ's credibility determinations under the standards set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), is paramount. We conclude the ALJ appropriately evaluated the evidence and supported his determination that Miller was not credible, noting significant inconsistencies in the record. Credibility findings are for the ALJ to make in the first instance. Smith v. Heckler, 760 F.2d 184, 187 (8th Cir. 1985). Where there are inconsistencies in the evidence as a whole, the Commissioner may discount subjective

complaints.  See Starr v. Sullivan, 981 F.2d 1006, 1008 (8th Cir. 1992). We conclude that the bases relied on by the ALJ for discounting the Miller's subjective complaints were proper and that the Commissioner's decision is supported by substantial evidence.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.