# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3710

_____

Sandra L. Riley,             *
                                     *

          Appellant,       *

                                     *    Appeal from the United States

    v.                              *    District Court for the

                                     *    Western District of Missouri.

Kenneth S. Apfel, Commissioner,    *

Social Security Administration,      *         [UNPUBLISHED]

                                     *

          Appellee.        *

_____

Submitted: August 11, 1999
Filed: September 22, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Sandra L. Riley appeals the District Court's[1] judgment upholding the Commissioner's decision to deny her disability insurance benefits and supplemental security income. Riley had alleged she could not work because of problems in her right hip, neck, left shoulder, right knee, and sinuses; bilateral carpal tunnel; and blood clots in both legs. For reversal, Riley argues that the administrative law judge (ALJ) made no findings as to the residual functional capacity (RFC) required for the job of cashier,

_____

[1]The late Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

the past relevant work the ALJ determined she could perform; and inadequately addressed Riley's limitations, particularly her mental limitations, and the demands of her past work.

Upon careful review of the record, we conclude that although the ALJ did not fully develop his findings regarding the physical and mental demands for the position of cashier and compare those findings with Riley's RFC, and although Riley did not have counsel at the hearing, the ALJ's conclusions are supported by substantial evidence on the record as a whole, see Pfitzner v. Apfel, 169 F.3d 566, 568 (8th Cir. 1999) (standard of review), and there was no unfairness or prejudice to Riley. The ALJ gave Riley the opportunity to correct or add to her exhibits and to add any additional evidence she thought relevant; Riley submitted additional medical records through appointed counsel following the hearing, which were considered by the Appeals Council. See Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987) (although mere lack of counsel does not in itself deprive claimant of fair hearing, it does enhance ALJ's duty to bring out relevant facts; but absent unfairness or prejudice, court will not remand for further proceedings).

The ALJ's finding that Riley retained the RFC to work as a cashier is supported by the facts that Riley continued to work from the time she filed her disability applications until a month before the hearing, and that she quit her last cashier position in order to qualify for disability; by her testimony regarding her daily activities; and by her medical records (showing that both her workers' compensation physicians and her primary physicians placed her on only light duty or short-term lifting restrictions despite her multiple complaints). See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990) (medical evidence and claimant's testimony regarding daily activities supported ALJ's finding that claimant was not disabled and could perform past relevant work; although past relevant work record was not developed in full detail, it contained enough information to permit decision as to claimant's ability to return to such work). Riley's description in her vocational report of the demands of her previous cashier position is

also consistent with the ALJ's findings regarding her RFC.  See Kirby v. Sullivan, 923 F.2d 1323, 1327 (8th Cir. 1991) (physical and mental demands of claimant's past relevant work are to be compared with what claimant is capable of doing).

Although special procedures must be followed and documented when there is evidence of mental impairment, see 20 C.F.R. §§ 404.1503(e), 404.1520a, 416.903(e), 416.920a (1999), the ALJ was not on notice of a need to address any mental impairment or the mental demands of a cashier position.  Riley's applications did not include any allegations of mental disability, nor did she testify to mental impairments at the hearing.  The only possible allusions to mental problems were Riley's vague comments in forms she completed that she was moody and irritable and her pain was depressing; and she indicated that she was taking an antidepressant, not for a mental problem, but to help her sleep.  Cf. Sullins v. Shalala, 25 F.3d 601, 604 (8th Cir. 1994) (ALJ did not err in failing to include hypothetical question about alleged mental impairments when claimant did not allege disabling mental impairment in application, nor did she offer such impairment as basis for disability at hearing; antidepressant was apparently prescribed for headaches), cert. denied, 513 U.S. 1076 (1995).  Because no issue of mental impairment was before the ALJ, we conclude that the additional materials Riley submitted to the Appeals Council--including medical records showing a post-hearing prescription for an anti-anxiety medication, and letters in which she stated she had attempted suicide thirteen years earlier and sometimes thought of suicide again--were not new and material evidence.  Cf. Williams v. Sullivan, 905 F.2d 214, 215-16 (8th Cir. 1990); 20 C.F.R. § 404.970(b) (1999) (if new and material evidence is submitted, Appeals Council shall consider it only if it relates to period on or before date of ALJ decision).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.