Angela Calderon NIEVES,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 85–1067.

United States Court of Appeals,
First Circuit.

Submitted June 7, 1985.

Decided Oct. 23, 1985.

Juan A. Hernandez Rivera and William Dominguez Torres, San Juan, P.R., on brief for plaintiff, appellant.

Edwin Meese, III, Atty. Gen., Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya,

Asst. General Counsel, Randolph W., Gaines, Deputy Asst. Gen. Counsel for Litigation, and Julie Simpson, Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, Md., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

COFFIN, Circuit Judge.

Claimant Angela Calderon Nieves appeals from a judgment affirming a decision by the Secretary of Health and Human Services (Secretary) denying her application for social security disability benefits. We reverse.

Claimant alleged disability due to back and chest pains, nervousness, headaches, and high blood pressure. After a hearing, the Administrative Law Judge (ALJ) issued a favorable decision, finding that the claimant had severe impairments (myositis and depressive neurosis), that she met the duration requirement, and that she satisfied the criteria of a listed impairment, notably mental retardation, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C). Upon its own motion review, the Appeals Council reversed the decision of the ALJ and found that the claimant had not established the existence of a severe impairment. The Council's action became the Secretary's final decision. Claimant brought a civil action in the United States District Court for the District of Puerto Rico, which found no substantial evidence to support the Secretary's decision. The district court held that the claimant had a severe impairment (chronic cervico-lumbosacral myositis) and that such impairment prevented her from performing her past relevant work. The case was remanded to the Secretary to determine whether the claimant's impairment satisfied the criteria of a listed impairment and, if not, whether there were other jobs the claimant could perform.

On remand, after a supplemental hearing, the ALJ found that claimant had severe impairments (severe chronic cervico-dorsal myositis and depressive neurosis) but that she did not meet the criteria of any of the listed impairments. The ALJ concluded that, although claimant could not perform the full range of sedentary work due to her impairments, she could perform a number of jobs that appeared in significant numbers in her geographical area. The decision and findings of the ALJ were adopted by the Appeals Council, which became the final decision of the Secretary. The district court affirmed the Secretary's finding of no disability, and claimant appeals to this Court.

Claimant contends that she meets one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1984), which details "impairments which are considered severe enough to prevent a person from doing any gainful activity". 20 C.F.R. § 404.1525(a). Additionally, claimant argues that the Secretary's decision that claimant could do other work is not supported by substantial evidence. We do not need to reach this latter issue, because we find that the claimant satisfied the requirements of a listed impairment. Under 20 C.F.R. § 404.1520(a) & (d), if the claimant meets a listed impairment, the Secretary is required to find a claimant disabled and not consider whether he or she could perform other work.

 Claimant asserts that she meets the requirements of Listing 12.05(C), which establishes disability if one has an:

"IQ of 60–69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function."

A finding of impairment as mentally retarded under the above definition automatically qualifies the applicant as disabled.[1] Claimant has a verbal I.Q. of 64, a performance I.Q. of 66, and a full scale I.Q. of 63.[2] Because claimant's relevant score is 63,[3]

1. 20 C.F.R. § 404.1520 (1984). *See Cunningham v. Heckler,* 764 F.2d 911, 913 (D.C.Cir.1985).

2. Claimant's I.Q. scores were based on the WAIS test, which is specifically prescribed by the regu-

lations. 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.00(B).

3. Part A of the listings, which applies to adults, mandates that the lowest I.Q. score is to be used

she satisfies the first (I.Q.) requirement of Listing 12.05(C).

 In its decision reversing the ALJ's finding of disability, the Appeals Council noted that the I.Q. scores in evidence "if accurate, would be so limiting that the claimant would never have been able to perform her prior work as seamstress". The Council pointed out that the record reflected "fairly regular work activity in the decade preceding the alleged date of disability onset". The discrediting of the I.Q. scores was improper for several reasons. First, the Secretary is simply not at liberty to substitute her own opinions of an individual's health for uncontroverted medical evidence.[4] This evidence was the *only* medical evidence before the ALJ on this point. Second, courts do not engage in further inquiry as to the first (I.Q.) requirement of Listing 12.05(C) once they find that the claimant's I.Q. was below 70.[5] Third, the Secretary is incorrect in reasoning that the I.Q. score, if accurate, would have prohibited the claimant from ever working. That an I.Q. of 63 is only a mild form of retardation follows from the regulations. Before requiring a finding of disability for a person with an I.Q. between 60 and 69, the Listings require evidence of another impairment. *Compare* Listing 12.05(B) (an I.Q. of 59 or less itself suffices to establish disability). Additionally, claimant acknowledges that the record reflects fairly regular work activity in the decade preceding the date of disability onset. She became unable to continue working only after she developed severe chronic myositis; the

combination of the physical and mental impairments significantly limited her work-related functions.

The question remains whether claimant has an "impairment imposing additional and significant work-related limitation of function". An impairment imposes significant limitations when its effect on a claimant's ability to perform basic work activities is more than slight or minimal.[6] It was the ALJ's specific finding, adopted by the Appeals Council, that claimant's severe chronic myositis constituted a severe impairment, as defined in § 404.1520(c). Because claimant's impairment was found to be severe, a fortiori it satisfies the significant limitations standard.[7] Appellant therefore meets the requirements of Listing 12.05(C) and is entitled to benefits.

*The judgment of the district court is reversed, and the case is remanded with instructions to remand to the Secretary for the payment of benefits to the claimant from May 22, 1978, for such period as she continues to be disabled.*[8]

in determining whether an adult claimant meets the listing. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(B)(4). *See Diaz v. Secretary of Health and Human Services*, 746 F.2d 921, 923 (1st Cir.1984).

4. *See e.g., Carrillo Marin v. Secretary of Health and Human Services*, 758 F.2d 14, 16, (1st Cir. 1985); *Suarez v. Secretary of Health and Human Services*, 740 F.2d 1, 1 (1st Cir.1984).

5. *See, e.g., Cunningham v. Heckler*, 764 F.2d 911, 913 (D.C:1985); *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir.1985); *Adams v. Heckler*, 742 F.2d 1321, 1322 (11th Cir.1984); *Kennedy v. Heckler*, 739 F.2d 168, 172 (4th Cir.

1984); *Smith v. Heckler*, 735 F.2d 312, 318 (8th Cir.1984); *Townsend v. Heckler*, 581 F.Supp. 157, 159 (W.D.Va.1983); *Wright v. Schweiker*, 556 F.Supp. 468, 476 (M.D.Tenn.1983).

6. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984).

7. A claimant satisfies the second half of the § 12.05(C) test if he or she has a severe impairment under § 404.1520(c). *See Edwards v. Heckler*, 736 F.2d 625, 630 (11th Cir.1984).

8. *See Suarez v. Secretary of Health and Human Services*, 740 F.2d 1, 2 (1st Cir.1984).