Mary A. KELLER, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 93–3018.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided June 16, 1994.

---

Patrick T. Carraher, Lincoln, NE, argued, for appellant.

Daniel A. Morris, Asst. U.S. Atty., Omaha, NE, argued, for appellee.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Mary Ann Keller appeals the district court's decision denying supplemental security income for her claim of disability. Mrs. Keller contends that she is disabled by a combination of mental retardation and migraine headaches. The Administrative Law Judge held that Mrs. Keller's subjective complaints of migraine pain were not credible and, alternatively, that even if they were, Mrs. Keller could perform some work. The Secretary denied benefits, and the district court affirmed the Secretary's decision. Mrs. Keller now argues that the complaints were credible, and that the confluence of the migraines and the mental retardation brings her within the listed impairments. We reverse the judgment of the district court and remand.

Mrs. Keller has a verbal IQ of 67. At the time of the hearing, she was fifty-one years old. She attended school through the eighth grade and has no work history. She claims to have migraine headaches that sometimes cause her to scream and that can last as long as two weeks. She testified that she cannot cook or clean or do "things around the house" during her headaches. She also testified that her daily activities include watching television, taking care of her dogs, and doing household chores, including cooking and cleaning. Her hobbies include fishing and latch hooking. She takes aspirin for her headaches and has never had any other medication prescribed for them. Mrs. Keller was examined by two physicians. They found no clinical basis for her headaches, but did not render any opinion on whether she in fact experienced the headaches. They found her to be generally in good health.

The ALJ considered Mrs. Keller's testimony and her daily activities to conflict with her testimony about the severity of her headaches. Given this conflict and his own observations of her, the ALJ considered her testi-

* The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

mony not credible. The ALJ also stated that "even if said testimony was found to be credible, based upon the testimony of the vocational expert, the Claimant would nevertheless have the residual functional capacity to perform" light or sedentary work.

The Appeals Council denied review. The district court found substantial evidence to support the ALJ's finding and affirmed the Secretary's decision.

■ We review the ALJ's findings of fact to determine if they are supported by substantial evidence on the record as a whole. *Nettles v. Schweiker,* 714 F.2d 833, 835 (8th Cir.1983). This standard requires us to determine whether the evidence is such that a reasonable mind might accept it as adequate to support a conclusion, *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir. 1983), taking into account evidence that detracts from the finding as well as that which supports it. *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984). We must also ascertain whether the ALJ's decision is based on legal error. *Nettles,* 714 F.2d at 835–36.

The regulations prescribe a sequential analysis for disability determinations. 20 C.F.R. § 416.920 (1993). First, the Secretary determines whether the claimant meets the two threshold tests: that he is not currently working and that he has a severe impairment. If so, the next inquiry is whether the impairment meets the durational requirements and the "listings in Appendix 1," a catalog of specifically described conditions. If the impairment does not meet a listing, the next step is to determine if the impairment prevents the claimant from doing the kind of work he has done in the past. If so, the final question is whether the claimant is able to do other work in light of his age, education and past work experience.

In this case, there is no dispute that Mrs. Keller is not working and that she has a severe impairment. Mrs. Keller claims that she meets one of the listings, 20 C.F.R. § 404, subpt. P, App. 1, § 12.05C, which ap-

plies when a person has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." It is undisputed that Mrs. Keller meets the IQ component of this listing. The only question is whether the second component—an "additional and significant work-related limitation of function"—exists. The ALJ found that it did not.

That second component has been defined as an impairment whose "effect on a claimant's ability to perform basic work is more than slight or minimal." *Cook v. Bowen,* 797 F.2d 687, 690 (8th Cir.1986) (citing *Nieves v. Secretary of Health & Human Services,* 775 F.2d 12, 14 (1st Cir.1985); *Edwards v. Heckler,* 755 F.2d 1513, 1515 (11th Cir.1985)).[1]

■ The record establishes that if Mrs. Keller's headaches are as she describes them, they constitute an impairment that is more than slight or minimal. However, the ALJ's opinion states that "there is no evidence to indicate that [the low IQ] impairment, as exacerbated by her headaches, has revealed the same medical findings, or medical findings equal in severity and duration" to the listings. The record actually reveals evidence, which, though not medical in nature, establishes precisely the facts necessary to meet the listing. Mrs. Keller's counsel asked the occupational expert: "Assuming [Mrs. Keller's] testimony is credible, would that be, would the headaches be more than a slight or minimal limitation on her ability to function?" The expert replied, "Yes." Therefore, we must hold that the finding of no significant additional limitation was not supported by substantial evidence. If Mrs. Keller's testimony about her headaches was credible, she does indeed meet the requirements of listing section 12.05C.

■ In social security cases, we have a special process for determining the credibility of complaints about pain. When an individual's complaint of subjective pain is not

---

1. The dissent seems to suggest that we limit *Cook* to its precise facts and adopt a different test than the one we adopted in *Cook.* In particular, the dissent considers it crucial for the additional impairment to be "medically established". In a case in which the impairment consists of subjective pain, we question whether the dissent is suggesting a standard that would conflict with *Polaski.*

fully substantiated by objective medical evidence, the adjudicator may not reject the claimant's subjective complaints solely on the basis of personal observation. Instead, he must consider all the evidence relating to the subjective complaint, including:

the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the duration, frequency and intensity of the pain;

(3) precipitating and aggravating factors;

(4) dosage, effectiveness and side effects of medication; [and]

(5) functional restrictions.

*Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted). "Subjective complaints may be discounted if there are inconsistencies in the record as a whole." *Id.* The record contains very little information other than Mrs. Keller's own testimony and the reports of the two physicians, neither of whom was a neurologist and neither of whom opined about the existence or severity of her headaches.

██ The ALJ found that Mrs. Keller's subjective complaints of pain were not credible, relying principally on her testimony about her daily activities. The ALJ cited her testimony that "she spends much of her day watching television, taking care of her dogs, and doing household chores, including cooking and cleaning." It is implicit in the ALJ's opinion that he found this testimony to be at odds with Mrs. Keller's complaints of disabling headaches. However, we cannot agree that this testimony creates an inconsistency in the record as a whole, since Mrs. Keller stated that she did not do these "daily activities" when she has a headache:

Q: Are you able to do things around the house, the cooking and cleaning when you have your headaches?

A. No, I can't.

This is consistent with her statements to the doctors and statements in her application for social security benefits, in which she wrote: "I cannot do things when I get a Bad headache. All can do go and lie down." She stated: "When I get my headaches I can't seeing or reading or writing can't drive a car when get my headaches." She also stated that when she had a headache recently, she quit watching television and instead lay back and closed her eyes.

On the record before us, we cannot say that there are inconsistencies that warrant discrediting Mrs. Keller's testimony. We therefore remand to the Secretary for further consideration. Because of the scantiness of the record, the ALJ would be well advised to develop more of the sorts of evidence described as relevant in *Polaski,* 739 F.2d at 1322. The medical evidence, in particular, is inconclusive and should perhaps be supplemented by a neurologist's examination.

LOKEN, Circuit Judge, dissenting:

The ultimate issue in this case is whether Mary Keller has a listed impairment entitling her to supplemental security income benefits on account of disability. Under the Secretary's regulations, Keller has a listed impairment if she has a verbal IQ of 60 to 70, which is undisputed, and if she also has "a physical or other mental impairment *imposing additional and significant work-related limitation of function.*" 20 C.F.R. Part 404, subpt. P, App. 1, § 12.05C (emphasis added).

The court holds that this regulation is satisfied if the additional impairment has an "effect on a claimant's ability to perform basic work [that] is more than slight or minimal," quoting *Cook v. Bowen,* 797 F.2d 687, 690 (8th Cir.1986). In my view, the court has thereby rewritten the Secretary's regulation without justification. Using the normal meanings of the words, proof that an additional impairment imposes a "significant work-related limitation of function" requires a far greater showing than proof that it has a "more than slight or minimal" effect on one's "ability to perform basic work."

A careful review of *Cook* and the cases cited in *Cook* reveals that the "more than slight or minimal" language had a limited and appropriate origin. Those courts used that phrase simply to distinguish the additional limitation that must be proved under § 12.05C from a "severe" impairment, as the

word severe is used elsewhere in the regulations. *See Edwards v. Heckler,* 755 F.2d 1513, 1515 (11th Cir.1985). Because § 12.-05C addresses the combined effect of limited IQ and an additional impairment, it is proper to interpret the regulation as requiring something less than a severe additional impairment. But here the court has gone far beyond the intent of *Cook.* It has turned this judicially-created phrase into a burden-reducing substitute for the governing language in the regulation. That analytic sleight-of-hand is inappropriate.

In every case cited by the court and by Keller that applied the more-than-slight-or-minimal standard, the claimant had a substantial work history, the requisite limited IQ, and a significant, medically established additional impairment. *See Cook,* 797 F.2d at 690 ("a nervous condition, a stiff neck from an auto accident and possibly some arthritis, pulled muscles in his back, and a seizure disorder"); *Nieves v. Secretary of Health & Human Services,* 775 F.2d 12, 14 (1st Cir. 1985) ("severe chronic myositis"); *Edwards,* 755 F.2d at 1515 ("chronic obstructive lung disease"); *Estelle v. Secretary of Health & Human Services,* 751 F.Supp. 110, 112 (W.D.La.1989) ("[b]asically Mr. Estelle has one good eye"). Those claimants had § 12.-05C listed impairments under the plain language of the regulation, and the courts did not consider whether the more-than-slight-or-minimal standard, if applied in closer cases, would effectively rewrite the regulation.

In this case, Keller has never worked and has offered no medical evidence supporting her claim that her headaches "impos[e] additional and significant work-related limitation of function." No doctor has ever prescribed more than aspirin for her headaches, and indeed that is the only medication she has taken. There is record support for the ALJ's finding that her daily activities are inconsistent with her testimony as to the duration, frequency, and intensity of her headache pain. On this record, Keller can have a § 12.05C listed impairment only if the more-than-slight-or-minimal standard is applied so as to significantly amend the Secretary's regulation. In my view, if § 12.05C of

the regulations is properly applied, there is substantial evidence in the record as a whole supporting the ALJ's determination that Keller has no listed impairment and is not disabled. Accordingly, I respectfully dissent.