52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Dorothy OWENS, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-3449EA
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 17, 1995
Filed: Apr. 27, 1995
 
 Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dorothy Owens filed a petition for social security benefits, contending she was entitled to supplemental security income because she met the requirements for the listed impairment of mental retardation. See 20 C.F.R., pt. 404, subpt. P, app. 1, Sec. 12.05C (1994). An administrative law judge (ALJ) rejected Owens's claim and the Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. Owens then filed a complaint in the district court seeking review of the ALJ's decision. The district court affirmed the denial of benefits, and Owens appeals. We vacate the district court's decision and remand Owens's case to the district court with instructions to remand the case for reconsideration by the Secretary.
 
 
 2
 Under the mental retardation listing in Sec. 12.05C, Owens is entitled to benefits if she has an IQ score between 60 and 70, and an additional physical or mental impairment that imposes a significant work-related limitation of function. The ALJ found Owens met the IQ requirement based on tests setting Owens's full scale IQ at 64. Nevertheless, the ALJ concluded Owens was not entitled to benefits under Sec. 12.05C, because Owens's additional physical impairment, severe spina bifida, did not impose a significant work-related limitation of function. The district court affirmed, concluding Owens did not meet either of the requirements of Sec. 12.05C. The district court concluded Owens did not meet the IQ requirement because the IQ score used by the ALJ was not a reliable measure of Owens's IQ. The district court determined Owens did not meet the second Sec. 12.05C requirement because substantial evidence supported the ALJ's determination that Owens's spina bifida did not impose a significant work-related limitation of function.
 
 
 3
 Owens contends the district court committed error in rejecting the ALJ's finding that Owens met the IQ requirement for Sec. 12.05C. We agree. The ALJ relied on Wechsler Adult Intelligence Scale- Revised (WAIS-R) tests showing Owens had a full scale IQ of 64. The regulations specifically endorse the use of WAIS tests to measure IQ. See 20 C.F.R., pt. 404, subpt. P, app. 1, Secs. 12.00D, 12.05 (1994). Thus, the WAIS-R tests are substantial evidence supporting the ALJ's finding that Owens had a full scale IQ of 64, and the district court's rejection of the ALJ's finding on Owens's IQ was improper.
 
 
 4
 Owens next contends the district court erroneously concluded that substantial evidence supports the ALJ's finding that Owens's severe spina bifida does not impose a significant work-related limitation of function. Owens argues the ALJ's finding is improper under Cook v. Bowen, 797 F.2d 687 (8th Cir. 1986). In Cook, we held that a finding that an additional physical impairment is severe necessarily means the impairment imposes a significant work- related limitation of function under Sec. 12.05C. Id. at 690-91. Although the ALJ found Owens's spina bifida was severe, the ALJ found the spina bifida did not impose a significant work-related limitation of function. Because these findings are inconsistent under Cook, we conclude Owens's case should be remanded for reconsideration by the Secretary.
 
 
 5
 Accordingly, we vacate the district court's decision and remand with instructions to remand Owens's case to the Secretary for reconsideration in light of Cook.