# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1254

_____

Wilburt Koch,                          *
                                       *
              Appellant,               *
                                       *      Appeal from the United States
      v.                               *      District Court for the
                                       *      Eastern District of Arkansas.
Shirley S. Chater, Commissioner,*             [UNPUBLISHED]
Social Security Administration, *
                                       *
              Appellee,                *

_____

Submitted: November 27, 1996

Filed: March 12, 1997

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Wilburt Koch appeals from the district court's[1] affirmance of
the Commissioner's decision denying Koch disability insurance
benefits and supplemental security income.  We affirm.

Koch applied for benefits in 1992, alleging disability due to
mental retardation, brain damage, depression, learning
difficulties, and left shoulder and elbow pain, with an onset date
of December 31, 1986.  His application was denied initially and

_____

[1]The Honorable H. David Young, United States Magistrate Judge
for the Eastern District of Arkansas, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

upon reconsideration.  Koch subsequently requested a hearing before an administrative law judge (ALJ), who found that Koch could return to his past relevant work.  The Appeals Council denied review after considering additional evidence Koch submitted.  The district court granted summary judgment for the Commissioner.

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole; that is, evidence sufficient to allow a reasonable mind to find it adequate to support the Commissioner's conclusion.  See Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).  We will not reverse the Commissioner's decision simply because there is evidence supporting a different result.  See id. If the evidence supports two inconsistent conclusions, one of which is that reached by the Commissioner, we must affirm the decision. See Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996).

Koch's sole argument on appeal is that the Commissioner erred in determining that he did not meet the requirements of a listed impairment, Listing 12.05C.  To meet this listing's requirements, Koch must show that he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C (1996).  The Commissioner does not dispute that Koch's IQ scores fall within this range.  Thus, the remaining issue is whether Koch had additional physical or mental impairments that constituted a significant limitation on his ability to work.

The "additional and significant work-related limitation of function" does not have to be disabling in and of itself, but will be considered a significant limitation "when its effect on a claimant's ability to perform basic work is more than slight or

-2-

minimal."  Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986); see Box v. Shalala, 52 F.3d 168, 170 (8th Cir. 1995).  Koch cites pain and limitations in his left shoulder, elbow, and back, headaches, organic brain damage, and depression, as significant limitations.

The medical evidence does not support Koch's assertions regarding his alleged shoulder, elbow, and back impairments or his headaches.  The only medical exam of Koch's shoulder and elbow in the record showed that Koch had a normal range of motion in both his shoulder and elbow, and x-rays were negative.  There is no medical evidence supporting Koch's assertion of headaches, and his complaint of back pain is evidenced only by a notation of past complaints of back pain in a psychiatric medical history summary.

Furthermore, the ALJ's credibility determination regarding the extent of Koch's pain is supported by substantial evidence.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  As previously described, Koch's complaints are inconsistent with the medical evidence in the record.  Moreover, Koch admitted in his disability application that he had not sought medical treatment for five or six years prior to filing his application, and he reported that he took only took two Tylenol a day for his pain.  See Loving v. Department of Health and Human Serv., 16 F.3d 967, 971 (8th Cir. 1994) (taking over-the-counter analgesics inconsistent with complaints of disabling pain); Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992) (failure to seek medical treatment for five years inconsistent with complaints of pain).  Koch's functional restrictions are also inconsistent with the claimed extent of his pain.  Koch testified that he could still lift forty-five or fifty pounds with his left arm, albeit sometimes with pain.  Koch testified that his back pain limited his ability to sit and walk, yet he also testified that he could walk between one-fourth of a mile and one-and-a-half miles and that he could sit for anywhere

between one hour and several hours.  We conclude that substantial evidence supports the ALJ's evaluation of Koch's complaints regarding his shoulder, elbow, back, and headaches, and that those complained-of conditions do not constitute a limitation sufficient to satisfy the requirements of Listing 12.05C.

Regarding Koch's organic brain damage, there is no medical evidence relating this to anything other than Koch's low intelligence, or explaining how it limited his ability to work. Rather, despite Koch's low intelligence and memory problems, Koch's testimony showed that he could, and in the past had, performed simple jobs with clear directions and expectations.  Further, a psychological assessment found that Koch displayed sustained attention in performing simple repetitive tasks, and that he understood, retained, and followed simple instructions.  The examiner concluded that Koch could tolerate day-to-day work in low-demand positions involving consistent routines, clear expectations, and clear explanations of instructions.

Koch testified that he quit working in 1986 because he was depressed, but the record does not indicate that Koch's depression interfered with his ability to work prior to 1986, and he did not seek medical attention for his depression until 1993.  Once he was diagnosed with depression, he showed some improvement with medication.  Cf. Mapes v. Chater, 82 F.3d 259, 264 (8th Cir. 1996) (depression controlled by medication could not be considered disabling); Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995) (failed to seek medical attention for depression and failed to take prescribed medication); Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairment that can be controlled by treatment or medication cannot be considered disabling).  Moreover, the most recent medical records Koch submitted partially identified Koch as a malingerer and noted that his memory problems possibly stemmed

-4-

from his own loss of focus in his life and his feeling that he had been cheated by life.

Koch's case is distinguishable from those he cites, in which we found that the claimant had conditions imposing more than minimal or slight limitations on their abilities to work. See Warren v. Shalala, 29 F.3d 1287, 1291 (8th Cir. 1994) (hard evidence of chronic back pain and congenital back disorder, other physical ailments supported by reliable medical records); Keller v. Shalala, 26 F.3d 856, 858-59 (8th Cir. 1994) (disabling, painful headaches supported by evidence in record); Cook, 797 F.2d at 690 (nervous condition, neck and back injuries, arthritis, seizure disorder). Although Koch produced some evidence supporting the problems he alleged, substantial evidence supports the Commissioner's conclusion that these problems do not rise to a degree of severity that imposes more than a slight limitation on Koch's ability to work and that Koch does not meet the requirements of Listing 12.05C.

The judgment is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I dissent. I would remand to the ALJ for (1) a determination of whether Koch met the requirements of the listed impairment before December 31, 1990; and (2) a neurological examination of Koch's shoulder and elbow.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.