**Michael F. COLE, SSN, 479–78–0411, Plaintiff,**

v.

**John CALLAHAN, Ph.D.,[1] Commissioner of Social Security, Defendant.**

**Civil No. 3–96–CV–70109.**

United States District Court,
S.D. Iowa,
Davenport Division.

June 5, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater as defendant in this action.

Michael Depree, Bowman & Depree, Davenport, IA, for Plaintiff.

John E. Beamer, Inga Bumbary–Langston, Gary L. Hayward, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND TO THE COMMISSIONER

VIETOR, Senior District Judge.

Plaintiff Michael Cole seeks judicial review of the Social Security Commissioner's decision denying disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* This court may review a final decision by the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3).

### PROCEDURAL HISTORY

Claimant filed for disability insurance benefits and supplemental security income benefits on December 21, 1993, alleging an onset date of January 10, 1981. His applications were denied initially and on reconsideration. After a hearing, an administrative law judge (ALJ) issued a decision on August 17, 1995, denying benefits. On June 27, 1996, the Appeals Council denied claimant's request for review. He filed a complaint in this court on July 17, 1996.

### ALJ's FINDINGS

The ALJ found the following. Claimant met the special earnings requirements of the Act on January 10, 1981, the date the claimant stated he became unable to work, and continued to meet them through December 31, 1984. He testified at the hearing that he actually became disabled in 1991, when he no longer met the special earnings requirements of the Act. Appendix (App.) at 26. Claimant has not engaged in substantial gainful activity since December 1, 1993, one year prior to

his application for Title XVI benefits. *Id.* The medical evidence establishes that the claimant has low back pain, left shoulder pain and subaverage intellectual functioning, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.*

The testimony of the claimant insofar as the intensity and severity of symptoms is not credible for the reasons outlined in the body of this decision. App. at 27. He has

> the residual functional capacity to perform the physical except for lifting more than 30 pounds occasionally or 20 pounds frequently. He has no limitation in walking, sitting, standing, bending or stooping. He can perform only simple one to three step jobs, and cannot be in a selling job or job that requires meeting the public. He has no difficulty in dealing with co-workers or supervisors. Reading and writing are not to be a main condition of employment. He experiences no adverse side effects from any medications and has no impairment of the upper extremities. He can complete a 40 hour work-week. He cannot perform a job that requires long-term memory demands.

*Id.* Claimant is capable of returning to his past relevant work as a cut-off saw operator. *Id.* His residual functional capacity for the full-range of medium work is reduced by the restrictions noted above. *Id.* Claimant is 37 years old, which is defined as a younger individual. *Id.* He has eight years of special education classes, but does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work. *Id.*

Even if claimant were unable to perform his past relevant work, when considering his age, education, previous work experience, and residual functional capacity, jobs still exist in significant numbers in the national economy that he can perform. Examples of such jobs are: dowel inspector, button reclaimer, eyedropper assembler, and lampshade assembler. App. at 28. Claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. *Id.*

## DISCUSSION

The standard of review of an ALJ's decision is whether substantial evidence on the record as a whole supports the opinion, and whether the ALJ applied the proper legal standards. *See Delrosa v. Sullivan,* 922 F.2d 480, 484 (8th Cir.1991).

Cole does not contest the ALJ's decision denying disability benefits. He only contests the ALJ's decision denying supplemental security income benefits.

Cole primarily contends that he met listing 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C) (hereinafter § 12.05(C)) for mental impairment and, thus, that he is entitled to benefits. Listing 12.05(C) states that a person is disabled if he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."

The second part of 12.05(C) is met "when the claimant has a physical or additional mental impairment that has a 'more than slight or minimal' effect on his ability to perform work." *Sird v. Chater,* 105 F.3d 401, 403 (8th Cir.1997) (quoting *Cook v. Bowen,* 797 F.2d 687 (8th Cir.1986)). In his decision, the ALJ writes that "the medical evidence reveals no other physical or mental impairment which would impose a significant work-related limitation on the claimant." App. at 20. In support of this finding, the ALJ indicates that there is "ample evidence" that "claimant is capable of very heavy manual labor." App. at 16. The ALJ specifically found, however, that "medical evidence establishes that the claimant has low back pain [and] left shoulder pain." App. at 26. Corresponding to these findings, the ALJ restricted claimant to "lifting [no] more than 30 pounds occasionally or 20 pounds frequently." App. at 27. These restrictions would have more than a slight or minimal effect on Cole's ability to work. *See Warren v. Shalala,* 29 F.3d 1287, 1291 (8th Cir.1994) (holding that evidence of claimant's chronic back pain, congenital back disorder, and other physical ailments satisfied the second element of the listing); *Cook,* 797 F.2d at 690–91 (holding

that evidence of nervous condition, stiff neck, arthritis, pulled muscle in back, and seizure disorder satisfied the second element of the listing). As a result, I conclude that substantial evidence on the record as a whole does not support the ALJ's finding that Cole did not meet the second element of the listing.

■ To be entitled to benefits, Cole must satisfy both elements of the listing. The first element requires a "valid" verbal, performance, or full-scale IQ score of 60 to 70. After seeing Cole for a consultative examination, Dr. Singley reported his verbal, performance, and full scale IQ scores as 69, 77, and 72. App. at 113. In his report, Dr. Singley also states that "I am not convinced Mr. Cole provided his best effort." App. at 112. He also suggests that "the currently reported IQ results be considered to fall within the low range of Mr. Cole's actual potential." *Id.*

In his decision, the ALJ writes that: "While the claimant did have a verbal IQ of 69, it is questionable whether that is a valid score." App. at 20. Although Dr. Singley stated that Cole did not give his best effort and felt that the reported score fell within the low range of Cole's ability, he did not conclude that the score was invalid. Because Dr. Singley did not himself conclude that the score was invalid, the ALJ was without a basis for concluding that Cole's verbal IQ score did not fall within the listing range. The ALJ may not substitute his medical judgment for that of the examining physician. *Delrosa,* 922 F.2d at 484. As a result, I conclude that substantial evidence on the record as a whole does not support the ALJ's finding that Cole did not have an IQ score within the listing range.

On remand, the ALJ should direct an interrogatory to Dr. Singley to determine whether the IQ score was valid. If Dr. Singley responds that the IQ score was valid, the ALJ should award supplemental security income benefits for the appropriate period. If Dr. Singley responds that the IQ score was invalid, the ALJ should order that claimant undergo another IQ test and then issue another decision consistent with the results of that test and this decision.

## RULING AND ORDER

Because the Commissioner's decision is not supported by substantial evidence on the record as a whole, **IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and the case is **REMANDED** to him for further proceedings and a new decision in accordance with this opinion.

This remand is under the fourth sentence of 42 U.S.C. § 405(g), and the judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).