# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1258

_____

Archie I. Welch, Jr.,

        Appellant,

v.

Michael J. Astrue, Commissioner of
Social Security,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: September 4, 2009
Filed: September 9, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Archie Welch appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Following de novo review, see Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007), we conclude that the decision is supported by substantial evidence on the record as a whole.

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

Welch, born on July 3, 1962, had worked in the past as a gardener, laundry worker, and housekeeper, and most recently in a factory as a machinist and then as a stacker. He had a grand mal seizure for the first time in late 2000. In applying for benefits, Welch alleged he could no longer work after March 2001 as a result of a seizure disorder and borderline intellectual functioning. An administrative law judge (ALJ) conducted a hearing in June 2005, and thereafter determined that (1) Welch's seizure disorder and borderline intellectual functioning were severe impairments; (2) the impairments alone or combined did not meet or equal a listed impairment, given the infrequency of his seizures and his level of adaptive functioning; (3) Welch's allegations regarding his limitations were not fully credible; (4) Welch had the residual functional capacity (RFC) for simple, repetitive, and routine tasks with no independent multi-tasking, minimal changes in routine, no more than brief and superficial contact with the public, and no work at unprotected heights or around unprotected or dangerous machinery; and (5) consistent with the testimony of the vocational expert, his past relevant work as a housekeeper was not precluded by his RFC. The ALJ thus concluded that Welch was not disabled within the meaning of the Social Security Act. After the Appeals Council denied review, Welch brought this action. The district court granted the Commissioner's motion for summary judgment, rejecting Welch challenge to the finding that he was not disabled under Listing 12.05C, 20 C.F.R. Pt. 404, Subpt. P, App. 1, related to mental retardation.

Upon careful review, we conclude that substantial evidence on the record as a whole supported the ALJ's conclusion that Welch's impairments did not meet the requirements of Listing 12.05C. See Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006) (claimant bears burden of establishing impairment meets or equals listed impairment); Maresh v. Barnhart, 438 F.3d 897, 899-900 (8th Cir. 2006) (to meet Listing 12.05C, claimant must show valid verbal, performance, or full scale IQ of 60-70, manifested before age 22, and physical or other mental impairment imposing additional and significant work-related limitation). In particular, Welch's past IQ scores ranged from 70 to 83, and the ALJ did not err in finding Welch's seizure

disorder, which was well controlled on medication, did not impose additional and significant work-related limitation of function.  See Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (when impairment is controlled by medication or treatment, it cannot be considered disabling); Clark v. Apfel, 141 F.3d 1253, 1255-56 (8th Cir. 1998) (ALJ may reject IQ scores that are inconsistent with the record, including daily activities and behavior, and non-treating psychologist's one-time evaluation is not entitled to controlling weight); cf. Maresh, 438 F.3d at 900-01 (claimant's verbal IQ of 70 and severe personality disorder, manifested by fighting with other children at young age and current inability to get along with others, met Listing 12.05C regardless whether he could perform gainful activity); Keller v. Shalala, 26 F.3d 856, 857-58 (8th Cir. 1994) (claimant's verbal IQ of 67 and migraine headaches, which ALJ improperly discredited, constituted work-related impairment that was more than slight or minimal).

Accordingly, we affirm the judgment of the district court.

_____